NO. 07-09-00242-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 28, 2010

IN THE INTEREST OF E. C. M., A MINOR CHILD

FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-FM-06-001681; HONORABLE GISELA D. TRIANA-DOYAL, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Henri Molle (Henri), appeals complaining of the judgment granted in favor of appellee, Erin Molle (Erin), altering the geographic restrictions regarding the residency of Erin and the minor child of the parties, E.C.M. By two issues, appellant attacks the sufficiency of the evidence, both factual and legal, to support whether there had been a substantial change in circumstances relating to where Erin's primary residence should be and whether the modification of the geographic restriction is in the best interest of the child. Disagreeing with Henri, we affirm the judgment of the trial court.

Factual and Procedural Background

Henri and Erin were divorced in 2006. The Agreed Decree of Divorce named the parties as the joint managing conservator with Erin retaining the right to designate the primary residence of the minor child. The right to designate the primary residence of the child was subject to a geographic restriction of Travis and contiguous counties. Erin filed a motion to modify requesting that the trial court grant Erin the right to determine the primary residence of the child without any geographic restriction.

Trial was to the bench. Both parties testified about the relationship that had existed between the two since the divorce and the extent to which each parent had been involved in the care of the minor child. Henri sought to portray Erin's decision to request that the geographic restriction be lifted as a decision made before the final decree was even entered. This was so, according to Henri, because Erin had made a decision to marry Scott Eccleston (Scott) before the divorce was final. Therefore, Henri argues, nothing had changed that could be said to be a material or substantial change in circumstances regarding the residency of the child. Erin, on the other hand, testified that, while she had known Scott since college, she had not developed any romantic interest in Scott until 2008.

Both parties testified that each parent loved the child; however, the testimony regarding who was responsible for most of the day-to-day responsibilities was clearly in favor of Erin. Not only did she have the primary responsibility to address nearly all of the daily issues in raising E.C.M., but the record indicated, and the trial court found, that

2

Henri has not been substantially involved in the child's day-to-day care, health-related needs, or school activities.

The trial court granted the motion to modify and entered an order finding a material and substantial change in circumstances and that the entry of a new order would be in the best interest of the minor child. Accordingly, the trial court ordered that Erin have the exclusive right to designate the primary residence of the child in Dallas, Tarrant, or Travis Counties or any county contiguous to those counties. It is from this order that Henri appeals. The trial court entered findings of fact and conclusions of law.

Through two very general issues, Henri contends that the evidence is legally and factually insufficient to support the trial court's determination that 1) there was a material and substantial change in circumstances of the child or Erin, and 2) modification of the geographic restriction would be in the best interest of the child. Disagreeing with Henri, we will affirm the judgment of the trial court.

Standard of Review

We begin with the statutory framework for a modification of a prior order that addresses terms and conditions of possession of and access to minor children. A trial court may order a modification of a prior order when modification would be in the best interest of the child and the circumstances of the child or conservator have materially and substantially changed since rendition of the prior order. See TEX. FAM. CODE ANN. § 156.101(a) (Vernon Supp. 2009).[1] The best interest of the child shall always be the

---

[1] Further reference to the Texas Family Code shall be by reference to "§ ___."

primary consideration of the court when considering issues of conservatorship.  See §
153.002.

A trial court's decision regarding modification of terms of conservatorship and
access is reviewed under an abuse of discretion standard.  See Zeifman v. Michels, 212
S.W.3d 582, 587 (Tex.App—Austin 2006, pet. denied).  Absent a clear abuse of
discretion, the trial court's order modifying the prior order will not be disturbed on
appeal.  Id. (citing Gillespie v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982)).  This is so
because the trial court is in the best position to observe the witnesses and evaluate the
witnesses' demeanor and credibility.  Id.

A trial court abuses its discretion when it acts in an arbitrary and unreasonable
manner without any regard to guiding rules or principles.  See Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).  When applied to an abuse of
discretion standard, traditional challenges to the legal and factual sufficiency of the
evidence are not considered independent grounds of error, but rather, are relevant
factors in assessing whether the trial court abused its discretion.  See In re D.M.D., No.
05-07-01045-CV, 2009 LEXIS 854, *5 (Tex.App.—Dallas Feb. 6, 2009, no pet.) (mem.
opinion, not designated for publication).  When applying the abuse of discretion
standard to a modification suit the traditional sufficiency standards of review overlap,
and appellate courts apply a hybrid analysis.  See Echols v. Olivarez,  85 S.W.3d 475,
477 (Tex.App.—Austin 2002, no pet.).  In applying this hybrid analysis, the appellate
court engages in a two-pronged inquiry: 1) whether the trial court had sufficient
information on which to exercise its discretion; and 2) whether the trial court erred in it's

4

application of discretion. See Zeifman, 212 S.W.3d at 588. Sufficiency of the evidence is the operative inquiry in the first question, and then the appellate court makes a determination of whether the trial court's decision was reasonable. See id. In making this decision about the reasonableness of the trial court's decision, the mere fact that the appellate court might decide the issue differently than the trial court does not establish an abuse of discretion. Id. at 587. During the legal sufficiency portion of the review, we continue to consider only the evidence that supports the trial court's findings and disregard all evidence and inferences to the contrary. Echols, 85 S.W.3d at 477. If any probative evidence supports the court's decision, it will be upheld. Id. When reviewing for factual sufficiency, we examine all of the evidence and reverse only if the trial court's finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. Id. Where, as here, the trial court has filed findings of fact, those findings of fact are the equivalent of jury answers to special issues. Id.

Generally, while findings of fact are reviewable for legal and factual sufficiency, an attack on the sufficiency of the evidence must be directed at specific findings of fact rather than at the judgment as a whole. In re An Unborn Child, 153 S.W.3d 559, 560 (Tex.App.--Amarillo 2004, pet. denied). If the trial court's findings of fact are not challenged by an issue on appeal, they are binding upon the appellate court. See Nw. Park Homeowners Ass'n, Inc. v. Brundrett, 970 S.W.2d 700, 704 (Tex.App.--Amarillo 1998, pet. denied). However, a challenge to an unidentified finding of fact may be sufficient for review if we can fairly determine from the argument the specific finding of fact which is being challenged. Shaw v. County of Dallas, 251 S.W.3d 165, 169 (Tex.App.—Dallas 2008, pet. denied). Because we feel that we can fairly determine

from the argument the specific findings being challenged, we will address these issues fully.

Analysis

Henri attacks both the finding that there had been a material and substantial change in circumstances that would support a change in the geographic restriction in place, and he also attacks whether the proposed change would be in the best interest of the child. We will address each issue in turn.

Material and Substantial Change in Circumstances

Henri's attack on the trial court's judgment regarding the sufficiency of the evidence to support whether or not there had been a material and substantial change in circumstances is summed up in the first line of his brief: "The evidence clearly shows that Erin contemplated marrying Scott and moving to Dallas before the divorce decree was entered." According to Henri's theory, this then means that the contemplated marriage between Erin and Scott with the attendant plans to live in Dallas could never provide the impetus for a material or substantial change in circumstances.

The flaw in Henri's analysis is that it requires this appellate court to ignore the evidence heard by the trial court. The record demonstrates that Erin testified that, although she had known Scott since college, they did not become romantically involved until 2008, well after the divorce was granted in 2006. The record also supports the trial court's finding of fact that the pending marriage of Erin and Scott would allow Erin to obtain better employment in the Dallas area. Erin also testified that the marriage to

Scott would provide additional emotional and financial support.  During the presentation of the evidence, Henri presented himself as a fully engaged father who was involved in all aspects of the minor child's life.  However, Erin testified that, while there was no question Henri loved the child, he tended to be involved only when it was convenient or when there were no job conflicts.  After hearing this evidence, the trial court found that, Henri has consistently not exercised all periods of his possession with the child and that prior to the motion to modify being filed Henri was not primarily responsible for, nor substantially involved in, the child's day-to-day care, health-related needs, or school activities.

The trial court heard the conflicting testimony and entered its findings after resolving these conflicts.  The trial court is in the best position to resolve this conflicting testimony because it is able to observe the demeanor and personalities of the witnesses.  Echols, 85 S.W.3d at 477.  We are charged with reviewing the evidence in the light most favorable to the trial court's judgment.  In that light, we find that the evidence is legally sufficient to support that there has been a material and substantial change in the circumstances of Erin's situation.  See id.  Therefore, the evidence is legally sufficient.

As to the factual sufficiency of the evidence, we review all of the evidence when conducting this review, not just the evidence that supports the trial court's judgment.  Id.  A review of the record reveals that Henri's entire position was, as stated above, based upon the assertion that Erin intended this move from a time before the divorce decree was ever entered.  This was the thrust of all of the testimony offered by Henri on the

7

subject of material and substantial change. As stated in the preceding paragraph, the testimony presented by Erin was diametrically opposed. Her testimony portrayed a scenario where she first rekindled a friendship with Scott that had been basically dormant since college and that this then grew into a romantic relationship that led to an offer of marriage. The trial court heard all of this evidence and decided the issue against Henri, and we will not disturb the trial court's decision for we cannot say that such a decision is against the great weight and preponderance of the evidence. See id. Neither can we say that the resulting finding by the trial court is manifestly unjust. See id.

Because the decision of the trial court is both legally and factually sufficient, there can be no abuse of discretion shown. Zeifman, 212 S.W.3d at 587. Henri's first issue is overruled.

Best Interest of the Child

Regarding the best interests of the child, the trial court made the following finding:

> The evidence showed that the relocation would be a positive change in the general quality of life for the Petitioner and the child in that relocation to Dallas would allow her to remarry, resulting in increased emotional and financial support for the Petitioner, as well as superior employment opportunities for Petitioner. Petitioner's improved financial situation would allow her to provide a better standard of living for the child.

Henri does not attack this finding directly. Rather he posits that, in general, the child's current relationship with his "extended family" and the child's current "community" would indicate that the contemplated relocation would not be in the best interest of the child.

8

As to the legal sufficiency of the evidence to support the trial court's best interest determination, there was substantial evidence offered by Erin that relocation would provide her with 1) a better employment situation, 2) more financial support, and 3) significantly more emotional support. None of this testimony was contradicted by Henri, except to say that Erin had lived in Dallas once before and did not like it. However, the trial court also heard Erin testify that when she lived in Dallas previously, she lived in Dallas proper. This time, her contemplated relocation was to a Dallas area suburb. The trial court was charged with the responsibility of resolving the conflicting evidence, and we will defer to that decision. Echols, 85 S.W.3d at 477. With that understanding and reviewing only the evidence that supports the trial courts judgment plus reasonable inferences from that evidence, we find the evidence to be legally sufficient to support the finding that the proposed relocation would be in the child's best interest. Id.

Our review of the factual sufficiency of the evidence reveals that Henri did present evidence about some parts of the child's life that would be missing if the trial court approved the change in geographic restriction. However, the record further reflects that Erin presented testimony about steps she was willing to take to minimize these concerns. Specifically, Erin testified that she intended to continue French language classes for the child. She also expressed her willingness to pay the transportation cost of the child from Dallas to Austin and to pay for two trips per year for Henri to come to Dallas to visit the child. When these findings and the evidence supporting them are viewed in light of the relevant considerations, we cannot say that the great weight and preponderance of the evidence is against the findings. See Lenz v. Lenz, 79 S.W.3d 10, 15-19 (Tex. 2002) (describing the factors to be considered by

the trial court in relocation cases).  Further, the record reveals that the trial court found that there was no evidence of bad faith or ill motive on the part of Erin.  See Franco v. Franco, 81 S.W.3d 319, 339 (Tex.App.—El Paso 2002, no pet.).  When the totality of the evidence is reviewed, we cannot say that the great weight and preponderance of the evidence is against the trial court's findings such that those findings are unjust.  Id.

Accordingly, the trial court did not abuse its discretion in finding that the relocation would be in the best interest of the child.  Zeifman, 212 S.W.3d at 587.  Henri's second issue is overruled.

### Conclusion

Having overruled Henri's two issues, the trial court's judgment is affirmed.


Mackey K. Hancock
Justice