NO. 07-03-0187-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 11, 2004

_____


IN THE INTEREST OF AN UNBORN CHILD


_____

FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 52,328-B; HONORABLE BILLY JOHN EDWARDS, JUDGE

_____


Before JOHNSON, C.J., and QUINN and REAVIS, JJ.


**OPINION**


In Sims v. Adoption Alliance, 922 S.W.2d 213, 214 (Tex.App.--San Antonio 1996, writ denied), after expressing its concern for the conflicting interests of the parties affected by its decision, recognizing its duty to render its opinion based on the clear language of a statute, the court held that an affidavit of relinquishment per section 106.103(a) of the Texas Family Code, signed by the mother 26 hours after the birth of her child was invalid. Now, we are presented with a question regarding the validity of an affidavit of waiver of

interest in an unborn child per section 161.106 of the Code signed by appellant G.W.B. By this appeal, G.W.B. seeks reversal of the judgment of the trial court declaring that the waiver of an interest in child which he signed on September 30, 2002, complied with section 161.106 and that the waiver is irrevocable. By his first issue, G.W.B. contends the trial court erred in finding that appellees A.M.B., J.B. and V.B., individually and as next friends of A.M.B. (hereafter A.M.B.) established by clear and convincing evidence that the affidavit complied with section 161.106. By his second issue, he contends the trial court erred in finding that the affidavit was executed voluntarily. We reverse and render.

## Standard of Review

Findings of fact in a bench trial have the same force as a jury's verdict upon jury questions. City of Clute v. City of Lake Jackson, 559 S.W.2d 391, 395 (Tex.Civ.App.--Houston [14th Dist.] 1977, writ ref'd n.r.e.). However, the findings are not conclusive when a complete statement of facts appears in the record if the contrary is established as a matter of law or if there is no evidence to support the findings. Middleton v. Kawasaki Steel Corp., 687 S.W.2d 42, 44 (Tex.App.--Houston [14th Dist.] 1985), *writ ref'd n.r.e.*, 699 S.W.2d 199 (Tex. 1985) (per curiam). Findings of fact are reviewable for factual and legal sufficiency under the same standards that are applied in reviewing evidence supporting a jury's answer. Zieben v. Platt, 786 S.W.2d 797, 799 (Tex.App.--Houston [14th Dist.] 1990, no writ); *see also* W. Wendell Hall, *Revisiting Standards of Review in Civil Appeals*, 24 ST. MARY'S L.J. 1045, 1145 (1993).

Our review of trial court conclusions of law is *de novo.* In re Humphreys, 880 S.W.2d 402, 403 (Tex. 1994), *cert. denied*, 513 U.S. 964, 115 S. Ct. 427, 130 L. Ed. 2d 340 (1994). However, as noted above, although findings of fact are reviewable for legal and factual sufficiency, an attack on the sufficiency of the evidence must be directed at specific findings of fact rather than at the judgment as a whole. In re M.W., 959 S.W.2d 661, 664 (Tex.App. --Tyler 1997, writ denied).

By his first issue, G.W.B. contends the trial court erred in finding that A.M.B. established by clear and convincing evidence that the affidavit of waiver of interest in child complied with section 161.106. As sub-issues, he argues that the uncontroverted evidence established he was not provided with a copy of the affidavit at the time he executed it as required by section 161.106(i), and the Gladney Center, an adoption facility, was not named managing conservator of the child. Therefore, the affidavit was subject to revocation. We agree.

Our decision is based on a *de novo* review of the trial court's conclusions of law that the affidavit signed by G.W.B. complies with section 161.106 and is irrevocable. Thus, we limit our review of the evidence necessary to develop that analysis. Although A.M.B. learned she was pregnant and informed her parents on September 17, 2002, G.W.B., however, was never informed by A.M.B. of the pregnancy. Instead, on September 30, 2002, G.W.B, a high school student, was escorted from class by the assistant principal to his office. Also in the assistant principal's office were two uniformed liaison officers and

3

a school secretary. G.W.B. was informed by the assistant principal that a "lady in Fort Worth had some information to give him." The assistant principal telephoned a paralegal at the Gladney Center and handed the phone to G.W.B. In a three to five minute telephone conversation, the paralegal informed him that A.M.B. was pregnant, he was the probable father, and he needed to sign an affidavit of waiver of interest in the child that had been faxed to the assistant principal's office from the Gladney Center. Following the telephone conversation, the assistant principal and uniformed officers provided unsolicited advice of the consequences of him signing the affidavit. After approximately ten to fifteen minutes, G.W.B. signed the affidavit and was excused to return to class. G.W.B. was not provided with a copy of the affidavit at that time.

The following day the principal of the high school spoke to G.W.B. in his office after which G.W.B. was asked to notify his mother of the events of the previous day. After learning of the situation, G.W.B.'s mother called the paralegal at the Gladney Center and informed her that she wanted to revoke the affidavit and also requested that a copy be sent to her.

On October 30, 2002, G.W.B. commenced the underlying action by filing a petition to establish parentage of the child naming A.M.B. as the mother. A.M.B.'s parents and the Gladney Center were also named as parties. After G.W.B. and A.M.B. filed requests for declaratory relief and upon the severance of the parentage issue from the validity of the affidavit of waiver of interest, the court proceeded to consider the request for declaratory

relief by an evidentiary hearing. By its judgment, among other things, without making any specific declarations, the judgment recites that the court *finds* (emphasis added)

- the Waiver of Interest in Child as defined in §161.106 of the Texas Family Code, which was signed by G.W.B. on September 30, 2002 complies with §161.106 of the Texas Family Code;
- such waiver was executed voluntarily by G.W.B.; and
- such waiver is irrevocable.

Even though the order does not make a declaration, determination of law, or expressly grant any relief, because no particular form is prescribed for a declaration of rights in a declaratory judgment action, *see* 46933, Inc. v. Z & B Enterprises, Inc. 899 S.W.2d 800, 808 (Tex.App.--Amarillo 1995, writ denied), and matters of statutory construction are questions of law for the court, *see* Johnson v. City of Fort Worth, 774 S.W.2d 653, 656 (Tex. 1989), we will construe the word "finds" to constitute a declaration based upon facts found from the evidence.

Upon request per Rule 296 of the Texas Rules of Civil Procedure, the trial court signed findings of fact and conclusions of law. However, the court did not designate which of the 42 statements were findings of fact or conclusions of law.[1] Moreover, even where the trial court designates some matters findings of fact and others to be conclusions of law, the

---

[1]According to Rule 299a of the Texas Rules of Civil Procedure, findings of fact should be separately filed. *See also* 4 Roy W. McDonald & Elaine A. Grafton Carlson, Texas Civil Practice 20:8 (2d ed. 2001), suggesting that findings and conclusions should be separately filed, divided between the factual propositions and the legal results deemed to flow therefrom.

designation is not controlling on appeal. *See* Ray v. Farmers State Bank of Hart, 576 S.W.2d 607, 608, n.1 (Tex. 1979); McAshan v. Cavitt, 149 Tex. 147, 229 S.W.2d 1016, 1020 (1950). Because G.W.B.'s execution of the affidavit before two witnesses and its verification were not disputed, and the questions of its validity and revocability per section 161.106 are questions of law, we will conduct a *de novo* review.[2] *See* Hydrocarbon Mgt. v. Tracker Exploration, 861 S.W.2d 427, 431 (Tex.App.--Amarillo 1993, no writ). Also, because the judgment and the findings/conclusions of the trial court found that the affidavit complied with section 161.106, we will conduct our review based on the provisions of that section.

We begin our analysis by recognizing that the natural right existing between parents and their children is of constitutional dimension and termination proceedings are strictly scrutinized. Holick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985). Also, where, as here the relevant statute is clear and unambiguous, rules of statutory construction are inappropriate and the statute should be given its plain meaning. Cail v. Service Motors, Inc., 660 S.W.2d 814, 815 (Tex. 1983); Sims v. Adoption Alliance, 922 S.W.2d 213, 215 (Tex.App.--San Antonio 1996, writ denied). Chapter 161 of the Family Code contains the legislative authority and procedures for proceedings to terminate the parent-child relationship. As material to our review, section 161.106, entitled Affidavit of Waiver of Interest in Child,

---

[2]In its findings/conclusions, the trial court found that A.M.B. had established by clear and convincing evidence that the affidavit of waiver of interest in child complied with section 161.106; by (26) that she had established by clear and convincing evidence that the affidavit complied with section 161.106 and (27) that under section 161.106 the affidavit was irrevocable.

authorizes "revocable" or "irrevocable" affidavits for purposes of proceedings under chapter 161.

Irrevocable Affidavit

Subsection (f) provides that an affidavit is irrevocable if it designates the Department of Protective and Regulatory Services or a licensed child-placing agency managing conservator of the child. Because the affidavit signed by G.W.B. did not designate the Department of Protective and Regulatory Services nor the Gladney Center or any other licensed child-placing agency to serve as managing conservator of the child, the affidavit which G.W.B. signed does not satisfy the requirements of (f) and is not irrevocable under the subsection.

Revocable Affidavit

Under the last sentence of subsection (f) any other affidavit under section 161.106 is revocable unless it expressly "provides that it is irrevocable for a stated period not to exceed 60 days after the date of execution." Here, however, G.W.B.'s affidavit provided that it was "final and irrevocable," contrary to the 60 day maximum period allowed for an irrevocable affidavit.

In addition, subsection (h) also addresses revocable affidavits and provides:

(h) An affidavit under this section that contains a waiver that is revocable *must* contain:

7

(1) a statement in boldfaced type concerning the right of the person who executed the affidavit to revoke the affidavit only if the revocation is made before the 11th day after the date the affidavit is executed; and

(2) the name and address of the person to whom the revocation is to be delivered.

(Emphasis added). Notwithstanding this provision, the affidavit signed by G.W.B. did not contain any reference to revocation before the 11th day following the execution of affidavit or state the name or address of the person to whom notice of revocation should be delivered.

Under section 161.106(i), a copy of the affidavit shall be provided to the affiant when it is signed. However, it is undisputed that G.W.B. was not provided with a copy of the affidavit at the time it was executed.[3] Counsel for A.M.B. argues that G.W.B. was furnished a copy of the affidavit the day after it was signed. Even if the 11 day period for revocation did not commence to run until October 1, 2002, a question we do not decide, nevertheless the affidavit was defective because it did not inform G.W.B. of the 11 day deadline for revocation required under subsection (h).

As used in section 161.106 (h) and (i), the terms *must* and *shall* have particular legal meaning. According to section 311.016 of the Code Construction Act, the term *shall* imposes a duty, and the term *must* creates or recognizes a condition precedent. Tex. Gov't

---

[3]The trial court found that G.W.B. was furnished with a copy of the affidavit the day after he signed the affidavit.

8

Code Ann. Annotated § 311.016 (1) and (2) (Vernon 1998). Considering that parental rights are of constitutional dimension, that the proceeding is to be strictly scrutinized, *Holick*, 685 S.W.2d at 20, and applying the plain meaning of section 161.106, we sustain G.W.B.'s first issue and his two sub-issues and hold that the affidavit he signed did not comply with section 161.106 of the Code and was not irrevocable under section 161.106. Our disposition of G.W.B.'s first issue pretermits consideration of his second issue.

Accordingly, the judgment of the trial court is reversed and judgment is rendered that the affidavit signed September 30, 2002, by G.W.B. is invalid because it does not comply with section 161.106. Tex. R. App. P. 43.2(c).

Don H. Reavis
Justice
