In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00020-CV
_____

JOSE G. ROMAN, Appellant

V.

MARIA DEL ROSARIO ROMAN, Appellee

On Appeal from the 418th District Court
Montgomery County, Texas
Trial Cause No. 12-07-07176 CV

MEMORANDUM OPINION

In this appeal arising from a divorce case, we are required to decide whether the trial court abused its discretion by granting Maria Del Rosario Roman's request for spousal maintenance and by granting her request for attorney's fees. Jose G. Roman argues that the trial court abused its discretion by awarding Maria spousal maintenance and attorney's fees. With respect to both awards, we conclude that the trial court did not abuse its discretion.

1

Background

In 2012, after twenty-six years of marriage, Maria sued Jose seeking a divorce. The Romans had no children together. However, Jose has a son conceived by another woman while Jose was married to Maria, and Maria has two children, both adults, one of whom is living with her. Both of Maria's children were born before she married Jose.

Jose and Maria speak Spanish, so they testified with the assistance of an interpreter. During the trial, Maria explained that she obtained a full-time job shortly after she filed for divorce, that she earns about $1,400 per month, and that she has the equivalent of a second grade education. Jose explained that he works for a construction company, that his employment is long term, and that he earns over $100,000 a year.

With respect to her claim for spousal maintenance, Maria testified that her job did not provide her with a sufficient income to meet her expenses. During the trial, Jose agreed that Maria needs financial help. There was evidence admitted during the trial showing that Jose paid Maria $1,450 per month in temporary support after she filed for divorce. Additionally, after Maria filed for divorce, Jose paid $2,400 per month in utilities and taxes on the house where Maria continued to

live after the parties separated. The house, a community asset, was among the assets that Maria was awarded as part of the division of the parties' marital estate.

Following a two-day bench trial, the trial court divided the marital estate. Additionally, the court awarded Maria $1,200 per month for a period of seven years in spousal maintenance. The decree also requires Jose to pay $5,000 in attorney's fees to Maria's attorney, which is less than half of the amount of attorney's fees that the evidence shows that Maria incurred in connection with the divorce. On appeal, Jose challenges the awards of spousal maintenance and attorney's fees; otherwise, he does not complain about the terms of the decree.

## Spousal Maintenance

In his appeal, Jose argues that Maria failed to prove that she was eligible for spousal maintenance. According to Jose, Maria is ineligible for maintenance because she has a sufficient income to meet her reasonable minimum needs. In support of his argument, Jose notes that under the terms of the parties' divorce, he was required to pay all of Maria's credit card debt. He further notes that under the decree, Maria was awarded the house where the parties lived when they were married, along with several of the other assets of the marital estate. Jose also notes that Maria has no child support obligation, and that Maria is not disabled.

We review a trial court's award of spousal maintenance under an abuse of discretion standard. *Brooks v. Brooks*, 257 S.W.3d 418, 425 (Tex. App.—Fort Worth 2008, pet. denied); *Dunn v. Dunn*, 177 S.W.3d 393, 396 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Under the abuse of discretion standard, legal and factual insufficiency claims are not independent grounds for asserting error in an appeal; however, the strength and quantity of the evidence in the record that is relevant to the question of maintenance are factors used to decide whether the trial court abused its discretion in rendering an award of spousal maintenance. *Brooks*, 257 S.W.3d at 425.

An appeals court will not find that a trial court abused its discretion "if there is some evidence of a substantive and probative character to support the decision or if reasonable minds could differ as to the result." *Diaz v. Diaz*, 350 S.W.3d 251, 254 (Tex. App.—San Antonio 2011, pet. denied). A party seeking spousal maintenance under the Texas Family Code must overcome the presumption that maintenance is not warranted. Tex. Fam. Code Ann. § 8.053 (West Supp. 2004). To overcome the statutory presumption, Maria was required to show that she exercised diligence in seeking suitable employment, or show that she exercised diligence in developing the necessary skills to become self-supporting after the

4

parties separated and after she filed for divorce. *See* Tex. Fam. Code Ann. § 8.053(a).

During the trial, there was evidence introduced showing that Maria began working at a valve company in September 2012, approximately two months after the parties separated and Maria filed for divorce. Maria testified that she nets about $1,400 per month from her job. The evidence before the trial court shows that Maria has a limited education, limited job skills, and has only limited skills in English. *See Diaz*, 350 S.W.3d at 255 (citing *Alaghehband v. Abolbaghaei*, No. 03-02-00445-CV, 2003 Tex. App. LEXIS 3701, at *13 (Tex. App.—Austin May 1, 2003, no pet.) (mem. op.) (noting limited skills in a spouse's ability to speak English as evidence relevant to that person's lack of earning ability)). Given the evidence on this record, the trial court's conclusion that Maria obtained suitable employment given her education and skills is supported by the record.

The trial court also heard evidence relevant to Maria's needs. Tex. Fam. Code Ann. § 8.051(2)(B) (West Supp. 2014). "[D]etermining what the minimum reasonable needs are for a particular individual is a fact-specific determination that should be made by the trial court on a case-by-case basis." *Cooper v. Cooper*, 176 S.W.3d 62, 64 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *see also Amos v. Amos*, 79 S.W.3d 747, 750 (Tex. App.—Corpus Christi 2002, no pet.) (explaining

5

that evidence of minimal reasonable needs includes a spouse's abilities, education, mortgage obligation, and business opportunities). Maria's evidence includes her testimony that she spends approximately $4,000 per month to meet what she described as her monthly needs. Given all of the testimony, the trial court's conclusion that Maria's needs would exceed the amount she earned from her job was a reasonable conclusion that finds support in the evidence. *See* Tex. Fam. Code Ann. § 8.051(2)(B).

There was also evidence before the trial court that addressed whether Maria lacked sufficient property from which she would be able to provide for her minimum reasonable needs. *See id.* § 8.051(1) (West Supp. 2014). "When considering whether the spouse seeking spousal maintenance will have sufficient property after the divorce to provide for her minimum reasonable needs, the trial court may consider the liquidity of the assets awarded to her and their ability to produce income." *Everitt v. Everitt*, No. 01-11-00031-CV, 2012 Tex. App. LEXIS 7698 at *21 (Tex. App.—Houston [1st Dist.] Aug. 31, 2012, no pet.) (mem. op.). Most of the assets that Maria was awarded in the decree are not capable of being easily liquidated. The decree awards Maria the house where she lives, her interest in some property that is located in the country of her origin, a 2007 SUV, a utility trailer, a tractor, and some livestock that was in her possession. The trial court

could have reasonably concluded that all of the assets that Maria received in the divorce were valued at less than $60,000, with the most valuable asset being the house. The liquid assets that Maria received in the decree appear to have had a value of less than $1,000. The trial court's conclusion that Maria received few liquid assets under its decree and few assets that are capable of producing monthly income is supported by the evidence admitted during the trial.

The trial court's monthly maintenance award, when added to Maria's monthly net income, is less than the amount that Maria testified she needs to meet her monthly expenses. According to the testimony of Maria's adult daughter, without additional income Maria cannot make it on her own. The evidence before the trial court includes Jose's testimony that Maria needed additional support.

The testimony before the trial court also addressed Jose's needs. In the years before the trial, the evidence showed that Jose earned between $104,000 and $131,000 per year. The evidence also showed that Jose's needs had been minimal when compared to the support that he had provided to Maria while the divorce was pending. Given the testimony regarding Jose's needs, the trial court's conclusion that Jose could pay Maria spousal maintenance of $1,200 per month for seven years is reasonable. *See* Tex. Fam. Code Ann. § 8.052 (West Supp. 2014) (Factors in Determining Maintenance).

We conclude that the trial court did not abuse its discretion in determining that Maria met the statutory requirements for spousal maintenance. We overrule Jose's first issue.

Attorney's Fees

In his second issue, Jose contends the trial court erred in requiring him to pay $5,000 of Maria's attorney's fees. According to Jose, he did not take any unreasonable actions or cause undue delay that would allow the trial court to conclude there was "'good cause'" to award attorney's fees.

"Good cause" is not the standard used to determine if an award of attorney's fees is proper. In a divorce case, a trial court may award attorney's fees as part of a just and right division of the marital estate. *Mandell v. Mandell*, 310 S.W.3d 531, 541 (Tex. App.—Fort Worth 2010, pet. denied).[1] Because attorney's fees are a debt incurred by the marital estate, trial courts are allowed to award fees in making a just and right division of a divorcing couple's marital estate. *Id.* (citing *Murff v.*

---

[1] Maria filed for divorce in 2012, before subsection 6.708(c) of the Texas Family Code went into effect. *See* Act of May 24, 2013, 83rd Leg., R.S., ch. 916, §§ 3, 4, 12, 2013 Tex. Gen. Laws 2284, 2284-285 (codified at Tex. Fam. Code Ann. § 6.708(c)) (providing that subsection (c) of section 6.708 of the Texas Family Code applies only to suits filed on or after September 1, 2013). Section 6.708(c) authorizes trial courts to award attorney's fees in suits seeking to dissolve marriages. Tex. Fam. Code Ann. § 6.708(c) (West Supp. 2014).

*Murff*, 615 S.W.2d 696, 699 (Tex. 1981); *Hopkins v. Hopkins*, 540 S.W.2d 783, 788 (Tex. Civ. App.—Corpus Christi 1976, no writ)).

We review the trial court's division of a divorcing couple's marital estate using an abuse of discretion standard. *See Monroe v. Monroe*, 358 S.W.3d 711, 719 (Tex. App.—San Antonio 2011, pet. denied). It is the complaining party's burden to demonstrate that a clear abuse of discretion occurred. *Id.* Because trial courts have wide discretion when dividing a divorcing couple's marital property, we must decide whether the award of attorney's fees constitutes an abuse of discretion given the overall division of the parties' marital property. *See Downer v. Aquamarine Operators, Inc*. 701 S.W.2d 238, 241-42 (Tex. 1985).

The Romans' case was tried without the benefit of a jury, and the trial court did not make any findings of fact or conclusions of law. Consequently, we are required to infer that the trial court made all of the findings that it needed to support the judgment that it rendered. *See Allen v. Allen*, 717 S.W.2d 311, 313 (Tex. 1986). Every reasonable presumption in favor of the trial court's proper exercise of its discretion in dividing the community estate will be considered. *See Monroe*, 358 S.W.3d at 719 (citing *Murff*, 615 S.W.2d at 698). In distributing a marital estate, the trial court may consider the following non-exclusive factors regarding the parties' (1) capacities and abilities, (2) educations, (3) business

opportunities, (4) relative physical conditions, (5) relative financial conditions and obligations, (6) ages, (7) sizes of any separate estates, (8) the nature of the properties comprising the marital estate, and (9) any disparity in the spouses' respective incomes or earning capacities. *See Murff*, 615 S.W.2d at 699.

The evidence before the trial court shows that Maria's attorney asked the trial court to award Maria $13,885.94 in attorney's fees and legal expenses. Maria's attorney described her hourly rate, the amount of time she spent on Maria's case, and she described the fees and expenses as both reasonable and customary. We also note that Maria's request for fees did not include any fees or expenses incurred on September 10, 2013, the last day of trial, or thereafter. The trial court awarded $5,000 in attorney's fees, less than half of the amount the evidence showed that Maria owed to her attorney.

Although Jose states in his brief that the trial court's award of attorney's fees was unreasonable, he does not explain why, nor does Jose explain how the award is unreasonable after applying the various factors identified in *Murff*. *See id.* Jose does not describe the net values that he and Maria received based on the trial court's division of the parties' marital estate, nor does he explain why the portion of the debt allocated to compensate for the attorney's fees Maria incurred were either unjust or unreasonable. *See id.* Instead, the argument Jose presents

10

complains narrowly about a standard that does not apply to the attorney's fee award. *See Mandell*, 310 S.W.3d at 541 ("[I]n a divorce suit, the trial court has the equitable power to award either spouse attorney's fees as part of the just and right division of the marital estate.").

In the absence of an argument explaining why the award of $5,000 in attorney's fees resulted in an unjust division of the parties' marital estate, we overrule Jose's second issue. The decree of divorce is affirmed.

AFFIRMED.

 

 

 

                      _____
                         HOLLIS HORTON
                            Justice

Submitted on December 8, 2014
Opinion Delivered December 10, 2015

Before Kreger, Horton, and Johnson, JJ.