

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00542-CV

Vinod S. **IDNANI**,
Appellant

v.

Mansha V. **IDNANI**,
Appellee

From the County Court at Law No. 2, Webb County, Texas
Trial Court No. 2016-CVG-001721-C3
Honorable Ron Carr, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:          Rebeca C. Martinez, Chief Justice
                Patricia O. Alvarez, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: April 28, 2021

AFFIRMED

This appeal arises from a division of community property in a divorce proceeding. Appellant Vinod S. Idnani argues the trial court abused its discretion by not dividing the community property justly and equitably, by failing to adequately describe the real property it awarded to the parties, and by failing to provide an owelty lien on the credit card debt. Given the trial court's broad discretion to divide the community property and the evidence supporting the trial court's division, we affirm the trial court's judgment.

## BACKGROUND

Mansha and Vinod were married in 2001. As is customary in India, their marriage was arranged by family members. Before their marriage, Mansha resided in Dubai and Vinod in Laredo, Texas. After the marriage, Mansha moved to Laredo where the couple made their home. The marriage produced three children.

During the marriage, Mansha attended college, and in 2002, she completed her degree in education. After college, Mansha worked from time to time as a teacher. She continued to work until December 14, 2018, when, according to her, she was diagnosed with an autoimmune disorder.

Although Vinod had only a high school degree and limited college education, over time the couple acquired substantial assets which included a primary residence, a condominium, numerous rental properties, motor vehicles, and assorted personal property. The couple's first real estate investment consisted of an apartment complex, which Vinod managed. Later, through various family companies, the couple purchased other apartment complexes.

In 2016, Mansha filed for divorce alleging that the marriage was insupportable because of discord or conflict of personalities and that she was subject to cruel treatment by Vinod. After Vinod filed an answer and the parties engaged in discovery, the parties entered into agreements relating to the conservatorship of their children, child support, and visitation. They also agreed, by stipulation, on the values of most of the community assets and liabilities. The couple did not agree, however, on the division of the community estate's real estate and debt, issues that were left for resolution at trial.

### A.    Testimony at Bench Trial

Vinod and Mansha were the only witnesses to testify at the bench trial. The couple testified they owned rental properties, a family home, and a condominium. The parties stipulated to the

amount of equity and debt for each property, but the record does not include market values for the real estate properties.

Both parties testified they sought a fair and equitable division of the community property. Vinod asked for a division of 50-50%. Mansha asked for a 60-40% division on the grounds that, inter alia, she was the children's primary caregiver, and she was unable to work since December 2018 due to an "undifferentiated chronic autoimmune disorder that was triggered for three years of blackened sight response."

Vinod and Mansha testified about how they would agree to divide the assets fairly and equitably, and they agreed on how to divide all but a few of the assets.

**B.      Trial Court's Ruling, Post-Trial Motions**

At the conclusion of the bench trial on the merits, the trial court ruled on the division of community property. The trial court noted that Vinod and Mansha had agreed to the terms of the property division except for the family home, the credit card debt, and the Cross, Potomac, and San Francisco apartments. The trial court stated as follows:

> [O]n the Cross and Potomac [apartments], the husband says wife can have it, the wife says husband can have it. On the San Francisco Apartments the husband says he wants it and wife says she wants it.

The trial court then ruled as follows:

> On the property division will be as follows: The home will be awarded to the wife. The credit card debt of 235 will be split fifty/fifty. The Cross and Potomac Apartments to be granted to husband. The TRS will be granted to wife. The Texas Tomorrow Fund—that will be awarded to the kids with both named as designees on it. The condo will be awarded to the husband. The Cleveland Apartments will be awarded to the wife, the San Francisco Apartments will be awarded to the wife. The warehouse will be awarded to the husband. The Casa Blanca will be awarded to the husband. The TCB Loan will be fifty/fifty. The Arza Receivable of 230 will be fifty/fifty with wife getting the first 120. The furniture at the house will be awarded to the wife. The two vehicles will be awarded to the wife. The Great Clips will be awarded to the husband. The 2018 and 2017 IRS refunds will be awarded to the wife. And any personal items such as cash or jewelry will be awarded to each in possession of it.

Immediately after the bench trial, Vinod filed a motion to reconsider the trial court's ruling arguing that Mansha was awarded $1,030,271 of the community assets while he was awarded only $583,637. In his motion, Vinod proposed a division that would award Mansha $813,349 and Vinod $800,559. The trial court denied the motion for reconsideration.

On May 9, 2019, the trial court rendered its divorce decree whereby it divided the community assets and liabilities between the parties in accordance with its prior ruling.

Later, Vinod filed a motion to modify requesting a "just division of the community estate." In the alternative, he filed a motion for new trial alleging that the trial court's division of community property was unsupported by legally and factually sufficient evidence or was against the great weight and preponderance of the evidence. The record shows the trial court did not rule on the motion to modify, and the motion for new trial was overruled by operation of law. Vinod also filed a request for findings of fact and conclusions of law. The record before us, however, does not indicate that the trial court made findings of fact and conclusions of law, and there is no evidence that, before or after he filed his notice of appeal, Vinod filed a second request for findings of fact and conclusions of law and objected to the trial court's failure to file them.

## ISSUES ON APPEAL

On appeal, Vinod raises three issues: (1) the trial court abused its discretion in making an unjust division of the community property by awarding 75% of the property to Mansha and a greater percentage of the debt to Vinod, (2) the trial court failed to adequately describe the real property awarded to the spouses and secured by owelty of partition, and (3) the trial court abused its discretion in failing to provide an owelty lien on the divided credit card debt.[1]

---

[1] Mansha argues that the acceptance-of-benefits doctrine bars Vinod from appealing the trial court's judgment. Given our disposition of Vinod's issues, we need not address her argument. *See* TEX. R. APP. P. 47.1.

**JUST AND RIGHT DIVISION OF COMMUNITY PROPERTY**

## A. Arguments of the Parties

Vinod claims the trial court's award to Mansha of seventy-five percent of the value of the community estate and making him responsible for substantially more of the community debt was an unjust division and one not supported by legally and factually sufficient evidence.

Mansha argues the record does not support Vinod's complaint that he was awarded only twenty-five percent of the value of the community estate. She argues that, considering the income produced from Vinod's awarded properties, the true value of the businesses and the business assets, Vinod received more than half of the community assets. Mansha argues, in the alternative, that the trial court did not abuse its discretion when dividing the community property because there was probative evidence that (a) Vinod was significantly less in need of community assets because of his superior business opportunities and earning capacity, (b) Vinod had a larger separate estate while Mansha had none and, as a consequence, Mansha was in greater danger of experiencing substantial disruption to her quality of life, (c) Mansha was in greater danger of sustaining financial hardship due to her deteriorated physical condition because of a serious and chronic autoimmune disorder she suffers, and (d) Mansha was a victim of domestic violence at the hands of Vinod.

## B. Standard of Review

The division of a community estate in a divorce must be "just and right, having due regard for the rights of each party and any children of the marriage." *Bradshaw v. Bradshaw*, 555 S.W.3d 539, 543 (Tex. 2018) (citing TEX. FAM. CODE ANN. § 7.001).

> A trial court should consider many factors, including "the spouses' capacities and abilities . . . and the nature of the property." The court may consider the "fault in breaking up the marriage", though the community-property division "should not be a punishment for the spouse at fault." In the end, "the court is to do complete equity as between the husband and wife and the children, having due regard to all obligations of the spouses and to the probable future necessities of all concerned."

*Id.* (footnotes omitted) (quoting *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981); *Young v. Young*, 609 S.W.2d 758, 761–62 (Tex. 1980); *Hedtke v. Hedtke*, 248 S.W. 21, 22 (Tex. 1923)).

We review a trial court's division of community property under an abuse of discretion standard. *Roberts v. Roberts*, 531 S.W.3d 224, 231 (Tex. App.—San Antonio 2017, pet. denied) (citing *Murff*, 615 S.W.2d at 698). Under the overarching abuse of discretion standard, "we engage in a two-pronged inquiry: '(1) did the trial court have sufficient evidence upon which to exercise its discretion, and (2) did the trial court err in its application of that discretion.'" *Id.* (quoting *Monroe v. Monroe*, 358 S.W.3d 711, 719 (Tex. App.—San Antonio 2011, pet. denied)).

"A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision." *Id.* (citing *Garza v. Garza*, 217 S.W.3d 538, 549 (Tex. App.—San Antonio 2006, no pet.)). In exercising its broad discretion to divide community property, *id.* at 232 (citing *Murff*, 615 S.W.2d at 698), the trial court may consider many factors, and we presume that the trial court exercised its discretion properly. *In re Marriage of Rangel & Tovias-Rangel*, 580 S.W.3d 675, 682 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (citing *Murff*, 615 S.W.2d at 699; *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex. 1974)). "On appeal, the burden rests on the appellant to show that the record evidences that the division was so disproportionate as to be unjust and unfair." *Id.* (citing *Grossnickle v. Grossnickle*, 935 S.W.2d 830, 836 (Tex. App.—Texarkana 1996, writ denied)).

For a bench trial, the trial court is the factfinder; it serves as "the sole judge[] of the credibility of the witnesses and the weight to give their testimony." *Matter of Marriage of Thrash*, 605 S.W.3d 224, 229 (Tex. App.—San Antonio 2020, pet. denied) (alteration in original) (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005)). If the trial court does not file findings of fact or conclusions of law, we may infer that the trial court made all findings necessary to support its judgment, and we must affirm the judgment if it can be sustained on any legal theory

finding support in the evidence. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *Hudspeth v. Stoker*, 644 S.W.2d 92, 95 (Tex. App.—San Antonio 1982, writ ref'd).

## C.  Analysis

Here, the trial court did not make findings of facts or conclusions of law; we infer that it made all findings necessary to support its judgment. *See BMW Software*, 83 S.W.3d at 795.

During the trial on the merits, the parties testified that they agreed on how to divide the community property except the following: (1) family home, (2) San Francisco Apartments, (3) Cross Apartments, (3) Potomac Apartments, and (4) credit card debt. Neither Vinod nor Mansha wanted the Cross and Potomac Apartments, and both wanted the San Francisco Apartments. The judgment divides the property as shown (not including the monthly net income column):[2]

| Asset, Liability | Equity | | Debt | | Income |
|---|---|---|---|---|---|
| | | | **Vinod** | | |
| McPherson (condo) | HP-1 | 47,507 | HD-4 | 50,833 | |
| Vidaurri (warehouse) | HP-2 | 59,336 | HD-5 | 158,386 | 3,180 |
| Casa Blanca apartments | HP-3 | 124,645 | HD-6 | 1,173,641 | 11,810 |
| Cross apartments | HP-4 | 347,889 | HD-7 | 583,581 | 10,700 |
| Potomac apartments | HP-5 | | HD-8 | | |
| Cross apartments equipment, fixtures | HP-6 | | | | |
| Household personal property | HP-7 | | | | |
| Clothing, jewelry, sports cards | HP-8 | 700 | | | |
| Cash, accounts | HP-9 | | | | |
| IRA, 401(k) | HP-10 | | | | |
| Arza note (first $120K to wife) | HP-11 | 240,000 | HD-11 | 120,000 | |
| Businesses | HP-12 | | | | |
| Children's education fund | HP-13 | 31,500 | | | |
| Credit card debt offset | HP-14 | 10,551 | | | |
| Federal income tax liabilities (couple) | | | HD-11 | | |
| Husband's personal debts | | | HD-2 | | |
| Texas Commerce Bank loan (1/2) | | | HD-3 | 156,500 | |
| Liens, charges on awarded property | | | HD-9 | | |
| Border Franchising LLC debts | | | HD-10 | | |
| Credit card debt | | | HD-12 | 129,022 | |
| Rent deposits | | | HD-13 | 15,700 | |
| Totals | | 862,128 | | 2,387,663 | 25,690 |

[2] HP and HD, followed by a sequence number, refer to the husband's property and the husband's debt items, as described in the decree. Similarly, WP and WD refer to the wife's property and debt items.

|  | Mansha | | | | |
|---|---|---|---|---|---|
| Asset, Liability | Equity | | Debt | | Income |
| Arza note (first $120K to wife) | WP-12 | 120,000 |  |  |  |
| Children's education fund | WP-13 | 31,500 |  |  |  |
| Credit card debt offset |  |  | WD-12 | 10,551 |  |
| Texas Commerce Bank loan (1/2) |  |  | WD-3 | 156,500 |  |
| Rent deposits | WP | 15,700 |  |  |  |
| Family home | WP-1 | 144,000 | WD-4 | 274,000 |  |
| Cleveland apartments | WP-2 | 280,460 | WD-5 | 413,988 | 7,105 |
| San Francisco apartments | WP-3 | 564,811 | WD-6 | 651,192 | 14,320 |
| Household personal property | WP-4 | 50,000 | WD-7 |  |  |
| Cleveland fixtures, personal prop | WP-5 |  |  |  |  |
| San Francisco fixtures, personal prop | WP-6 |  |  |  |  |
| Jewelry, clothes | WP-7 | 20,000 |  |  |  |
| Cash, accounts | WP-8 | 15,000 |  |  |  |
| TRS account (wife) | WP-9 | 45,000 |  |  |  |
| Honda Odyssey | WP-10 | 25,000 | WD-9 |  |  |
| Nissan Altima | WP-11 | 9,000 | WD-10 |  |  |
| Federal income tax liabilities (wife) |  |  | WD-1 |  |  |
| Wife's personal debts |  |  | WD-2 |  |  |
| Liens, charges on awarded property |  |  | WD-8 |  |  |
| Credit card debt |  |  | WD-11 | 107,484 |  |
| Totals |  | 1,320,471 |  | 1,613,715 | 21,425 |

The trial court had broad discretion to divide the community estate in a manner that was "just and right, having due regard for the rights of each party and any children of the marriage." *See Bradshaw*, 555 S.W.3d at 543. Vinod and Mansha agreed on the division for most of the assets, and the trial court's judgment divides the estate in accordance with Vinod's and Mansha's agreed division for those items. For the contested items, the trial court heard evidence on, inter alia, Vinod's businesses, his earning capacity, his larger separate estate, Mansha's compromised health and alleged disability, and her daily responsibility for the children.

The trial court awarded Vinod 40% of the equity and 60% of the debt, but Vinod's awarded properties produce 20% more net monthly income than Mansha's. Vinod rejected Mansha's proffered figures for the properties' net monthly incomes, but the trial court was the factfinder; it could have believed Mansha's figures, and we will infer that it did so. *See BMC Software*, 83 S.W.3d at 795; *Hudspeth*, 644 S.W.2d at 95. Thus, Mansha's award of 60% of the equity and 40%

of the debt was offset in part by her awarded properties that produce less net monthly income than Vinod's.

Although Vinod asked it to do so, the trial court was not required to divide the estate equally; it had discretion to order an unequal division if there was evidence to support it. *See Roberts*, 531 S.W.3d at 232 (citing *Murff*, 615 S.W.2d at 698–99). The trial court could have found that Vinod's awarded businesses, his business acumen and connections, his demonstrated earning capacity, his larger separate estate, and the 20% greater monthly income generated from his awarded properties supported a division allocating a larger portion of the equity and a smaller portion of the debt to Mansha—especially given her testimony regarding her compromised health and disability, and her daily responsibility for the children. *See id.*

Having reviewed the evidence and the division, we conclude the trial court had sufficient evidence on which to exercise its discretion, and Vinod did not meet his burden to show "that the division was so disproportionate as to be unjust and unfair." *See In re Marriage of Rangel & Tovias-Rangel*, 580 S.W.3d at 682.

We overrule Vinod's first issue.

## DESCRIPTION OF PROPERTY

In his second issue, Vinod argues the trial court failed to properly describe the property sufficient to identify it with reasonable accuracy.

To obtain appellate review on this issue, Vinod's brief was required to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See* TEX. R. APP. P. 38.1(i); *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). Vinod's second issue presents general statements on the law regarding the requirements for a sufficient description of property to be conveyed; however, he does not adequately explain how the decree's use of street addresses to identify the properties in the

community estate fails to identify the properties with reasonable certainty, nor does the authority he cites support this proposition. *Contra Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.) ("[R]ule 38.1(i) calls for the brief to guide us through the appellant's argument with clear and understandable statements of the contentions being made. If we must speculate or guess about what contentions are being made, then the brief fails.").

Under Rule 38.1(i), it was Vinod's obligation to present a legal argument applying appropriate authorities to the facts of this case to show how the trial court abused its discretion. *See* TEX. R. APP. P. 38.1(i); *ERI Consulting Eng'rs*, 318 S.W.3d at 880. Because what was provided in his brief does not meet the requirements under Rule 38.1(i), Vinod has waived this issue on appeal.

### Failure to Provide an Owelty Lien on the Credit Card Debt

In his third issue, Vinod argues the trial court abused its discretion by failing to provide an owelty lien on the divided credit card debt. He asserts the division was not just and right because, without an owelty lien, Mansha took the majority of the community estate free of any obligation to pay the credit card debt.

Vinod's brief was required to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See* TEX. R. APP. P. 38.1(i); *ERI Consulting Eng'rs*, 318 S.W.3d at 880. Vinod's third issue, although reciting some facts, is not supported by legal argument or appropriate authorities.

"When [as here] an appellant fails to cite applicable authority, [and] fails to provide substantive analysis for [the] issue presented in the brief, nothing is presented for our review." *Tchernowitz v. The Gardens at Clearwater*, No. 04-15-00716-CV, 2016 WL 6247008, at *1 (Tex. App.—San Antonio Oct. 26, 2016, no pet.) (mem. op.); *accord Lowry v. Tarbox*, 537 S.W.3d 599, 620 (Tex. App.—San Antonio 2017, pet. denied); *Marin Real Estate Partners*, 373 S.W.3d at 75.

Vinod waived this issue on appeal.

## CONCLUSION

To divide the community estate, the trial court considered the evidence, including the parties' agreed division of much of the estate, and then exercised its broad discretion to divide the contested items. Having reviewed the evidence under the applicable standard of review, we conclude the trial court's division of the community estate was not so disproportionate as to be unjust and unfair. We affirm the trial court's judgment.

Patricia O. Alvarez, Justice